UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                 Plaintiff,

v.

DAVELL CLARENCE STEVENSON,

                 Defendant.

_____/

Case No. 14-20219

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE [42] AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [41]**

Defendant is charged with possession of crack cocaine and ecstasy with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. The charges are based on Defendant's alleged possession of drugs and a firearm that were discovered when a parole officer, acting in concert with law enforcement officers, searched Defendant's residence on February 25, 2014. On January 9, 2015, Defendant filed a Motion to Suppress [36], moving to suppress the evidence obtained from the search on Fourth Amendment grounds. The government filed a Response [38] on

1

January 30, 2015.  The Court held a hearing on the motion on February 13, 2015.
On February 19, 2015, the Court issued an Order [39] denying the motion for the
reasons stated on the record.

Defendant filed a Motion for Reconsideration [41] on February 24, 2015.
The next day, the government filed a Motion to Strike the Motion for
Reconsideration [42].  The Court held a conference with the parties on June 9,
2015, and addressed both motions on the record.  For the reasons stated on the
record, as elaborated upon below, Defendant's Motion for Reconsideration [41]
and the government's Motion to Strike [42] are **DENIED**.

## FACTUAL BACKGROUND

On April 30, 2013, the Michigan Department of Corrections (MDOC) parole
board placed Defendant on parole for the remainder of his sentence on a conviction
for fleeing police.  The parole order prohibited Defendant's use or possession of
intoxicants and provided that Defendant would be "tethered" to a residence.  The
parole order also included the following special condition of release: "Written
consent to search the parolee's person and/or property, MCL 791.236(19): I
voluntarily consent to a search of my person and property upon demand by a peace
officer or parole officer."  Defendant did not sign the parole order.  Defendant did,

however, sign a separate form acknowledging that he had read or heard the special conditions, received a copy of them, and agreed to comply with them.

According to a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) investigation report, Defendant's home was targeted on February 25, 2014, pursuant to the Comprehensive Violence Reduction Partnership. MDOC agent Matthew Rummel, accompanied by a Detroit police officer, arrived at Defendant's home to conduct a "compliance control check." Agent Rummel knocked on the door and identified himself as an MDOC parole agent when Defendant appeared. Agent Rummel ordered Defendant to open the armor guard on the door so he could conduct a home compliance check, but Defendant walked out of view in response. Agent Rummel could smell marijuana in the house. Believing that Defendant was violating parole by smoking marijuana and disobeying his order, Agent Rummel called for assistance. Five officers from the ATF and Detroit Police Department arrived to assist. Defendant eventually returned into view and, when ordered to surrender by Sergeant Jason Sloan, kneeled on the ground without opening the armor guard. Sergeant Sloan "was able to gain entry to the residence through the broken window in the armor guard." Agent Rummel searched the house and recovered the crack cocaine, ecstasy, and firearm underlying the charges.

3

Defendant was arrested for violating parole and taken to an MDOC office. Agent Rummel conducted a recorded interview, during which Defendant admitted that he had refused to open the door for Agent Rummel because he had been smoking marijuana and that he was solely responsible for the items recovered from his house. Defendant was indicted approximately one month later.

## ANALYSIS

### I.   The Government's Motion to Strike

The government argues that the Court should strike Defendant's Motion for Reconsideration because he filed it pro se, despite being represented by counsel. In other words, Defendant is engaging in "hybrid representation" by acting at times through counsel and at other times pro se. The government correctly states that Defendant has no *right* to hybrid representation. *See United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987). The government fails to acknowledge, however, that the decision to permit hybrid representation is within the Court's discretion. *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004) (citing *Mosely*, 810 F.2d at 97-98); *United States v. Green*, 388 F.3d 918, 922-23 (citing *Mosely*, 810 F.2d at 98). The Court exercises its discretion to permit the pro se filing of Defendant's Motion for Reconsideration.

4

## II.     Defendant's Motion for Reconsideration

The Fourth Amendment prohibits unreasonable searches and seizures. *United States v. Smith*, 526 F.3d 306, 308 (6th Cir. 2008).   To assess the reasonableness of a search of a parolee or his residence, courts examine the totality of the circumstances to determine if governmental interests justify the degree of intrusion into the individual's legitimate expectations of privacy.   *See id.* (citing *Samson v. California*, 547 U.S. 843, 848 (2006)).   The Fourth Amendment's "warrant and probable cause requirements generally do not apply to searches of parolees … or their residences."  *Id.* (citing *Samson*, 547 U.S. at 857; *United States v. Knight*, 534 U.S. 112, 118, 121 (2001)).

In *Samson*, the Supreme Court held a suspicionless search of a parolee's person reasonable under the Fourth Amendment.  547 U.S. at 851–52.  The Court reasoned that the parolee had no legitimate expectation of privacy because he was a parolee and he had provided written consent, authorized by California law, to search of his person at any time without cause.  *Id.*  In *Smith*, the Sixth Circuit applied *Samson* to uphold the suspicionless search of a home occupied by a Michigan "community-resident prisoner" who had been "tethered" to the home and informed he had no more privacy there than in his cell.  526 F.3d at 309–11.  The Sixth Circuit noted that the defendant had even fewer expectations of privacy than

5

the *Samson* defendant, since he was a community-resident prisoner, rather than a parolee, and because he was tethered to the home. *Id.* at 309. The court acknowledged that *Samson* concerned the search of a defendant's person rather than his home, but found the distinction immaterial because *Samson* "focused on the parolee's status and the freedom-to-search condition attached to his parole, not on a person-versus-premises distinction." *Id.* at 310.

Defendant's Fourth Amendment challenge fails under *Smith* and *Samson*. The Court adheres to its finding that Defendant provided written consent, authorized by Michigan Compiled Laws § 791.236(19),[1] to searches of his property on demand. Defendant's legitimate expectations of privacy were therefore diminished like those of the parolee in *Samson*, who provided written consent, authorized by California law, to searches without cause.[2] Moreover, Defendant's legitimate expectations of privacy, like those of the defendant in *Smith*, were further reduced by the parole condition "tethering" him to the residence. *See* 526 F.3d at 309. In sum, the search of Defendant's residence was constitutionally reasonable under *Samson* and *Smith*.

---

[1] Michigan Compiled Laws § 791.236(19) provides that a parole order "shall require the parolee to provide written consent to submit to a search of his or her person or property upon demand by a peace officer or parole officer."
[2] Though *Samson* concerned a search of a parolee's person, the Sixth Circuit in *Smith* extended its reasoning to searches of residences. *See* 526 F.3d at 310.

6

CONCLUSION

For the reasons stated on the record on June 9, 2015, as supplemented above,

**IT IS ORDERED** that Plaintiff's Motion to Strike [42] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration [41] is **DENIED**.

**SO ORDERED**.



<u>s/Arthur J. Tarnow</u>
Arthur J. Tarnow
Dated: June 11, 2015                    Senior United States District Judge

7